UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KONECRANES, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DEMAG CRANES AND COMPONENTS | ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and | ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Konecranes, Inc.'s ("Konecranes") motion for partial summary judgment. [Record No. 32] Plaintiff George Vincent Vaughn opposes the motion. [Record No. 36] Third party defendants Demag Cranes and Components, Corp. ("Demag"), Hetronic USA, Inc. ("Hetronic"), and Central Motor Wheel of America, Inc. ("CMWA") do not. [Record No. 41] For the reasons discussed below, the motion for summary judgment will be granted regarding claims based upon improper design, manufacture, sale, and delivery of the subject crane. The motion will be denied with respect to the remaining claims.

-1-

## I.

On May 8, 2012, while working at CMWA, Vaughn was injured when an industrial overhead crane, allegedly "independent of human control," pinned his foot. [Record No. 1-2, p. 21] Since the crane's original installation at CMWA in 1993, it has been modified considerably, including the addition of a remote control Hetronic transmitter. [Record No. 1-2, p. 22] In his Complaint, Vaughn alleges that the crane was manufactured, designed, sold, and delivered to CMWA by Konecranes. [Record No. 32-2, p. 2] The plaintiff asks the Court to find that the crane was inherently dangerous, in a defective condition, and that Konecranes breached its duty to warn Vaughn of the dangers. [Record No. 42, p. 1] Vaughn claims that Konecranes negligently repaired the crane and seeks to recover damages for his pain and suffering, medical expenses, lost wages, and impaired earning capacity. [*Id.*] He also seeks an award of punitive damages. [*Id.*]

On April 9, 2014, Konecranes removed this action from the Bourbon Circuit Court based on diversity jurisdiction. [Record No. 1] Konecranes denies manufacturing, designing, selling, or delivering the crane at issue and has filed Third-party Complaints against Demag, Hetronic, and CMWA for apportionment and indemnification. [Record Nos. 1-5 and 52] According to Konecranes, Demag manufactured the crane in question and Hetronic manufactured the radio transmitter that operated the crane. [Record No. 1-2 at 22] Konecranes moves the Court to enter summary judgment on the plaintiff's manufacturer liability and failure to warn claims, leaving only the claim of negligent repair. [Record No. 32]

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). However, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Courts may grant summary judgment before the end of the discovery period, provided that sufficient time for discovery has passed. *Bowling v. Wal-Mart Stores, Inc.*, 233 Fed. Appx. 40 (6th Cir. 2007). The nonmoving party must inform the Court of its need for discovery. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Rule 56(d) of the Federal Rules of Civil Procedure provides that, "if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Accordingly, before a summary judgment motion is decided, the nonmoving party may file an affidavit that details the discovery needed or file a motion for additional discovery. If he does neither, courts will "not normally address whether there was adequate time for discovery." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). The nonmovant must show it diligently pursued discovery and explain why those efforts have not yielded the necessary facts. *Id.* In addition, the Sixth Circuit has observed that "vague assertions of the need for discovery are not enough" to meet the requirements of Rule 56(d). *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Instead, the nonmoving party "must state with some precision the material [it] hopes to obtain with further discovery, and how exactly [it] expects those materials would help him in opposing summary judgment." *Id.*

The parties have taken substantial discovery since the case's inception in Bourbon Circuit Court. At least eight witnesses have been deposed, and multiple incident reports and accident investigations have been exchanged. [Record Nos. 57-7 – 57-22] Although the time for

discovery among the parties has not yet expired, Vaughn has made no additional requests for time to respond. And while the plaintiff vaguely alludes to an unanswered discovery request "promised by Konecranes concerning its manufacture of the trolley" and another "concerning Plaintiff's products liability claim," Vaughn has neither advised how this discovery would assist him in opposing the summary judgment motion nor provided the requisite motion and accompanying affidavit. [Record No. 36, p. 5] As a result, he has failed to meet the requirements of Rule 56(d).

### III.

As previously noted, Konecranes argues that it did not manufacture, design, sell, or deliver the crane that injured Vaughn. In support of its motion for summary judgment, Konecranes submits Demag's Answers to Interrogatories:

> RESPONSE:
> . . .
> (b) The crane is a standard double girder crane, 10 ton capacity. The production location was the Demag Regional Shop in Atlanta, Georgia. It was sold to Bluegrass Handling, Inc. and then to Central Manufacturing in Paris, Kentucky. The Commercial Documents indicate that on July 6, 1993, the crane was purchased from Demag by Bluegrass Handling, Inc., with the end user being Central Motor Wheel of America, Inc.
>
> (c) It was shipped from Georgia on September 30, 1993.

[Record No. 1-3, pp. 12-13] Vaughn has not offered any factual information to refute Konecranes' claims. In fact, he concedes that "[i]t is true that when [the] crane was initially installed, it was a Demag product." [Record No. 36, p. 1] Thus, there are no material factual disputes concerning the original manufacture of the crane.

Vaughn's Complaint also alleges that Konecrane used defective parts in the repair and modification of the crane. [Record No. 32-2, p. 3] It is undisputed that a Konecranes hoist and trolley were installed shortly before Vaughn's accident. [Record No. 42, p. 2] According to the CMWA maintenance supervisor, 80% of the crane had been replaced with new components. [Record No. 102, p. 61] By written offer dated April 20, 2012, Konecranes expressed the service details of the parties' planned repairs to the crane:

> Konecranes is pleased to offer the following proposal for your consideration and approval.
> . . .
> Remove existing 10 ton Demag hoist and trolley. Install new Kone hoist and trolley. Make all electrical connections. Install ultimate limit switch.

[Record No. 52-2, p. 1] The offer was followed by an order confirmation from CMWA dated April 26, 2012. [Record No. 52-3] Konecrane repaired the crane at the end of April, and on May 8, 2012, the plaintiff was injured. [Record No. 32-2, p. 2]

As a matter of substantive products liability law, Kentucky courts have limited a manufacturer's liability in situations where its products, which were not in and of themselves defective, were incorporated into larger products which were ultimately defective in some way. See *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 46, 6 Ky. L. Summary 10 (Ky. Ct. App. 1999) (the "component parts doctrine"). Under Kentucky law, if a "component part is not defective when sold by its manufacturer, then no duty to warn can attach to the component manufacturer." *Waterfill v. National Molding Corp.*, 215 F. App'x 402, 405 (6th Cir. 2007).

Where a manufacturer's component product is defective, however, the manufacturer may be held liable for damage resulting from the defect. *Id.*

Accordingly, summary judgment is appropriate regarding Vaughn's claims against Konecranes for the manufacture, design, sale, and delivery of the entire crane. Nevertheless, there is a genuine issue of material fact regarding Konecrane's liability for components of the modified crane.

**IV.**

Konecranes is entitled to judgment with respect to Vaughn's allegations of manufacture, design, sale, and delivery of the subject crane. However, the plaintiff's claims will proceed that stem from allegations relating to negligent repair, the parties' contract, or Konecrane's manufactured components. Accordingly, it is hereby

**ORDERED** that Defendant Konecrane's motion for partial summary judgment [Record No. 32] is **GRANTED** with respect to Konecrane's design, manufacture, sale, and delivery of the crane. The motion is **DENIED** with respect to Konecrane's design, manufacture, sale, and delivery of components of the crane and failure to warn.

This 2nd day of October, 2014.



Signed By:
*Danny C. Reeves*
United States District Judge