UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KONECRANES, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DEMAG CRANES AND COMPONENTS | ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and | ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third-Party Defendant Demag Cranes and Components Corporation's ("Demag") second motion for summary judgment. [Record No. 57] Defendant and Third-Party Plaintiff Konecranes, Inc. ("Konecranes") opposes the motion. [Record No. 60] For the reasons discussed below, the motion will be granted.

**I.**

On May 8, 2012, while working at Central Motor Wheel of American, Inc. ("CMWA"), Plaintiff George Vincent Vaughn was injured when an industrial overhead crane pinned his foot. [Record No. 1-2, p. 21] The crane, originally a Demag-brand product, allegedly moved "independent of human control." [*Id.*] Since the crane's original

-1-

installation at CMWA in 1993, it has been modified considerably, including the addition of a remote control Hetronic USA, Inc. ("Hetronic") transmitter. [Record No. 1-2, p. 22] On April 18, 2013, Vaughn filed suit in Bourbon Circuit Court in Kentucky against Konecranes, alleging, *inter alia*, negligent repair, failure to warn, and product liability for the manufacture, design, sale, and delivery of the crane. [Record No. 1-1] In turn, Konecranes filed Third-Party Complaints against Demag, Hetronic, and CMWA for apportionment and indemnification and removed this action from Bourbon Circuit Court based on diversity jurisdiction. [Record Nos. 1, 1-5, 24] According to Konecranes, Demag manufactured the crane in question and Hetronic manufactured the radio transmitter that operated the crane.[1] [Record No. 1-2, p. 22]

On October 2, 2014, the Court granted partial summary judgment to Konecranes on Vaughn's claims of design, manufacture, sale, and delivery of the subject crane. [Record No. 59] The only claims remaining against Konecranes are for negligent repair, failure to warn, and product liability for the Konecranes-brand components of the modified crane. [*Id.*] Demag now moves the Court to enter summary judgment in its favor on the third-party claims.

## II.

This action is in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). However, federal procedural law will govern as applicable, including

---

[1] Plaintiff Vaughn has not asserted any claims against Demag. [Record No. 1-1]

establishing the standard for summary judgment. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the Court's attention to those specific portions of the record

upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the fact and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Courts may grant summary judgment before the end of the discovery period, provided that sufficient time for discovery has passed. *Bowling v. Wal-Mart Stores, Inc.*, 233 Fed. App'x. 40 (6th Cir. 2007). The nonmoving party must inform the Court of its need for discovery. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

F. R. Civ. P. 56(d). Accordingly, before a summary judgment motion is decided, the nonmoving party may file an affidavit that details the discovery needed or file a motion for additional discovery. If he does neither, courts will "not normally address whether there was adequate time for discovery." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). The nonmovant must show it diligently pursued discovery and explain why those efforts have not yielded the necessary facts. *Id.* In addition, the Sixth Circuit has observed that "vague assertions of the need for discovery are not enough" to meet the requirements of Rule 56(d). *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Instead, the nonmoving party "must state with some precision the material [it] hopes to obtain with further discovery, and how exactly [it] expects those materials would help [it] in opposing summary judgment." *Id.*

The parties have taken substantial discovery since the case's inception in Bourbon Circuit Court. At least fifteen witnesses have been deposed, and multiple incident reports, repair records, and accident investigations have been exchanged. [Record No. 61, pp. 4-6] Although the time for discovery among the parties has not yet expired, Konecranes has made no additional requests for time to respond. And while Konecranes asserts that it would be "imprudent and impractical" to grant summary judgment before expert testimony has been taken, the defendant has neither shown that it diligently pursued such discovery nor explained why those efforts have not yielded results. [Record No. 60, p. 9] This Court has previously cautioned the parties that any requests for additional discovery on a motion for summary judgment must comply with Rule 56(d). [Record No. 59, pp. 4-5] Konecranes has not provided the requisite motion and accompanying affidavit. As a result, it has failed to meet the requirements of Rule 56(d).

**III.**

Konecranes alleges that it is entitled to indemnity or apportionment from the third-party defendants because Demag, Hetronic, and Central Motor Wheel of America are responsible for all or part of Vaughn's injuries. As it relates to Demag, Konecranes' Third-Party Complaint alleges:

> 7. On the date of the accident, the 10 ton overhead crane designed and manufactured by the Third Party Defendant, Demag Cranes & Components Corp., had been defectively designed and manufactured resulting in its malfunction and causing Vaughn's accident.
>
> […]
>
> 11. In the event a judgment is awarded in favor of Vaughn and against the Defendant/Third Party Plaintiff, Konecranes, Inc., Vaughn's damages, if any, were the direct and proximate result of the joint and concurrent negligence

and/or comparative negligence of Third Party Defendant, Demag Cranes & Components, Corp., and/or its agents.

[Record No. 1-5, p. 3] In short, Konecranes' third-party claim against Demag is premised on Demag's design and manufacture of the subject crane. Because the claims in Vaughn's underlying Complaint regarding liability for the production of the crane as a whole have been disposed of by this Court's earlier Order, [Record No. 59] the allegations in the Third-Party Complaint, if proven, would not suffice to hold Demag derivatively liable for the remaining claims against Konecranes. Taking every allegation in the Third-Party Complaint as true, Konecranes has not established a basis for its indemnity claim.

Kentucky law recognizes indemnity claims between tortfeasors. The leading case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), states:

> Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, . . . the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.

224 S.W.2d at 167. The Kentucky Supreme Court reaffirmed the *Brown Hotel* principle in *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (2000), holding that the right to indemnity is available "where both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." Thus, under Kentucky law, indemnity is permitted "where one is only constructively or secondarily liable to a plaintiff." *York v. Petzl America, Inc.*, 2010 Ky. App. LEXIS 173, at *3 (Ky. Ct. App. Sept. 24, 2010). However, cases permitting recovery based on indemnity principles "are exceptions to the general rule, and are based on principles of equity." *Hall v. MLS Nat. Medical Evaluations, Inc.*, 2007

U.S. Dist. LEXIS 33909, *3 (E.D. Ky. May 8, 2007). For example, an employer exposed to secondary liability under principles of respondeat superior may be entitled to indemnification from its negligent employee. That is not the case at hand.

Konecrane's claims against Demag rely on Demag's manufacture of the original crane. The underlying claims remaining against Konecranes are those regarding contract liability, negligent repair, or product liability for the manufactured Konecrane components of the crane. This is not a case of primary negligence and secondary negligence. Essentially, Konecranes' indemnity claim seeks to recover from Demag the amount of damages which a jury may determine was entirely and directly caused by Konecranes. However, Konecranes is not permitted to seek indemnification from Demag for any injuries sustained by Vaughn as a result of Konecranes' own actions or inactions. If the evidence at trial shows that Demag caused some portion of Vaughn's damages, Konecranes will be entitled to an apportionment instruction. Demag is entitled to dismissal, however, because it cannot be liable to Konecranes under any circumstances. *See Adam v. J.C. Hunt Transport, Inc.*, 130 F.3d 219, 228 (6th Cir. 1997). Thus, Konecranes' indemnity claim fails as a matter of law.

Under Kentucky law, liability among joint tortfeasors is several only. *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 27 (Ky. 1990). Kentucky does not follow the common law rule that each negligent party may be held entirely responsible for a single, indivisible injury. *Id.* As a result, no one tortfeasor will be required to pay more than its share of damages. Kentucky's comparative negligence statute, Ky. Rev. Stat. § 411.182, provides for direct recovery by the plaintiff on an apportioned basis against multiple parties, including third party defendants, whose culpability each contributed to the injury. *See Siegel*

*v. Dynamic Cooking Sys.*, 501 Fed. App'x 397 (6th Cir. 2012). At trial, if the jury agrees with the allegations in Konecranes' Third-Party Complaint, the amount of damage caused by Demag will be apportioned to it, even though Demag is not a party to the plaintiff's claim. *See Adam.*, 130 F.3d at 228 (If a third party has been impleaded by the original defendant, liability can be apportioned to the third-party defendant notwithstanding a dismissal prior to trial.). Konecranes will be liable only to the extent of its own fault, if any.[2] *See Burton v. Ho Sports Co.*, 2009 U.S. Dist. LEXIS 41036 (W.D. Ky., May 14, 2009).

**IV.**

Because Demag will not be required to indemnify Konecranes for Vaughn's injuries, the third-party claims against Demag will be dismissed. Nevertheless, Konecranes may be entitled to an apportionment instruction at trial because it has actively asserted a claim against Demag. For the reasons set forth above, Konecranes cannot prevail on its indemnity claims against Demag as a matter of law. Accordingly, it is hereby

**ORDERED** as follows:

1. Third-Party Defendant Demag's Motion for Summary Judgment [Record No. 57] is **GRANTED**.

2. Defendant Konecranes' third-party claims against Demag are **DISMISSED**, with prejudice.

---

[2] This Order does *not* hold that Demag is not responsible for any of Vaughn's injuries. It holds only that Demag will not have to indemnify Konecranes for those injuries.

This 2nd day of December, 2014.


Signed By:
*Danny C. Reeves* DCR
United States District Judge