UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KONECRANES, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DEMAG CRANES AND COMPONENTS | ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and | ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third-Party Defendant Hetronic USA, Inc.'s ("Hetronic") unopposed motion for summary judgment on Third-Party Plaintiff Konecranes, Inc.'s ("Konecranes") claims for indemnity and contribution.  [Record No. 76] There are no material issues of fact regarding these claims and Hetronic is entitled to judgment as a matter of law.  Therefore, Hetronic's motion will be granted.

**I.**

On May 8, 2012, while working at Central Motor Wheel of America, Inc. ("CMWA"), Plaintiff George Vincent Vaughn was injured when an industrial overhead crane pinned his foot.  [Record No. 1-2, p. 21]  The crane, originally manufactured by Demag Cranes and Components Corp. ("Demag"), allegedly moved "independent of human

control." [*Id.*]   Since the crane's original installation at CMWA in 1993, it has been modified considerably, including the addition of a remote control Hetronic transmitter.  [*Id.*, p. 22]   On April 18, 2013, Vaughn filed suit in the Bourbon Circuit Court against Konecranes, alleging, *inter alia*, negligent repair, failure to warn, and product liability for the manufacture, design, sale, and delivery of the crane.  [Record No. 1-1]   In turn, Konecranes filed Third-Party Complaints against Demag, Hetronic, and CMWA for apportionment, indemnification, and contribution and removed this action from Bourbon Circuit Court based on diversity jurisdiction.  [Record Nos. 1, 1-5, 24]   According to Konecranes, Demag manufactured the crane in question and Hetronic manufactured the radio transmitter that operated the crane.  [Record No. 1-2, p. 22]   Plaintiff Vaughn has not asserted any claims against the Third-Party Defendants.  [Record No. 1-1]

On October 2, 2014, the Court granted partial summary judgment to Konecranes on Vaughn's claims of design, manufacture, sale, and delivery of the subject crane.  [Record No. 59]   The only claims remaining against Konecranes are for negligent repair, failure to warn, and product liability for the Konecranes-brand components of the modified crane.  [*Id.*]   Subsequently, Demag was dismissed as a Third-Party Defendant.  [Record No. 66] Hetronic now moves the Court to enter summary judgment in its favor on the third-party claims against it.  [Record No. 76]   Konecranes does not oppose the motion.  [Record No. 77]

## II.

This action is pending in this Court basis of diversity jurisdiction under 28 U.S.C. § 1332.   Because Kentucky is the forum state, its substantive law will be applied.  *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d

521, 526 (6th Cir. 2006). However, federal procedural law will govern as applicable, including whether summary judgment is appropriate. *Weaver v. Caldwell Tanks, Inc.* 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is warranted when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Despite the fact that its motion is unopposed, Hetronic still bears this burden. *See Id.* Once the moving party has met its burden of production, the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v.*

-3-

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  As outlined above, Konecranes has not disputed the facts outlined in Hetronic's motion.

### III.

Hetronic argues that contribution is no longer a viable remedy in Kentucky after the adoption of the apportionment statute, Ky. Rev. Stat. § 411.182.  Hetronic is partially correct, in that statutory contribution is not necessary when damages are apportioned to liable parties because each party pays only the amount of damages that the party caused.  *Smith v. Leveelift, Inc.*, 2005 U.S. Dist. LEXIS 19997 (E.D. Ky. Sept. 13, 2005); *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000) (common law apportionment procedure, now codified in the apportionment statute, "obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action").  Because the parties agree that apportionment is appropriate, Hetronic is entitled to summary judgment regarding the third-party claim for contribution.

In contrast, the Kentucky Supreme Court has held that the apportionment statute does not abrogate the common law right to indemnity.  *Degener*, 27 S.W.3d at 780 (the apportionment statute "has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not in pari delicto").  Kentucky law recognizes indemnity claims between tortfeasors in cases of respondeat superior or where "both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury."  *Id.*  However, cases permitting recovery based on indemnity principles "are exceptions to the general rule, and are based on principles

of equity." *Hall v. MLS Nat. Medical Evaluations, Inc.*, 2007 U.S. Dist. LEXIS 33909, *3 (E.D. Ky. May 8, 2007).

Because the only remaining claims against Konecranes are for negligent repair, failure to warn, and product-liability for the Konecranes-brand components, Hetronics argues that it cannot be held derivatively liable.  Even if Hetronic was negligent and its remote control was defective – which Hetronic denies – its negligence could not have exposed Konecranes to liability, as any such negligence was not the primary or efficient cause under the remaining claims.  Moreover, Hetronic argues that it is entitled to a presumption that the remote control was not defective under Kentucky's Product Liability Act.  In relevant part, the Act provides that "in any product liability action, it shall be presumed […] that the subject product was not defective if the injury, death, or property damage occurred either more than five (5) years after the date of sale of the first consumer or more than eight (8) years after the date of manufacture."  KRS § 411.310(1).  Konecranes does not dispute that the transmitter and receiver designed by Hetronic were sold in 2006, more than five years before the plaintiff's accident.  [Record No. 76-1, pp. 12-13]  Accordingly, Hetronic is entitled to the statutory presumption.  In addition, despite multiple tests and evaluations, no party has discovered any deficit in the remote control or any Hetronic component of the subject crane.[1]  [Record Nos. 76-12, 76-14, 76-20, 76-21]

By declining to dispute Hetronic's motion for summary judgment regarding these claims and the materials offered in support, [Record Nos. 76 – 76-28] Konecranes has not carried its burden under Rule 56(c).  As a result, Hetronic is entitled to summary judgment.

---

[1]      Any further testing appears to be impossible, as Konecranes has allegedly "lost, misplaced, or destroyed the transmitter." [Record No. 76-1, p. 13]

*Travelers Cas. & Sur. Co. of Am. V. J.O.A. Const. Co., Inc.*, 479 Fed. App'x. 684, 692 (6th Cir. 2012) (citing Fed. R. Civ. P. 56(e)(2)-(3)).

**IV.**

Konecranes cannot prevail on its indemnity and contribution claims against Hetronic as a matter of law. Nevertheless, it may seek an apportionment instruction at trial.[2] Accordingly, it is hereby

**ORDERED** as follows:

1.    Third-Party Defendant Hetronic's Motion for Summary Judgment [Record No. 76] is **GRANTED.**

2.    Defendant Konecranes' third-party claims against Hetronic are **DISMISSED**, with prejudice.

This 22nd day of January, 2015.



Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**

---

[2]    Liability may be apportioned to third-party defendants notwithstanding a dismissal prior to trial. *See Adam v. J.C. Hunt Transport, Inc.*, 130 F.3d 219, 228 (6th Cir. 1997).