UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GEORGE VINCENT VAUGHN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-136-DCR |
| ) | |
| V. ) | |
| ) | |
| KONECRANES, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| DEMAG CRANES AND COMPONENTS ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Third Party Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third Party Defendant Central Motor Wheel of America, Inc.'s ("CMWA") motion for leave to file an Amended Answer and Counterclaim against Third Party Plaintiff Konecranes, Inc. ("Konecranes"). [Record No. 72] The proposed Amended Answer and Counterclaim allege that CMWA has a statutory right to recover workers' compensation benefits paid to Plaintiff George Vincent Vaughn as a result of the workplace accident. [Record No. 72-2, p. 2] Konecranes opposes the motion. [Record No. 75] For the reasons set forth below, leave will be granted to CMWA to file the Amended Answer and Counterclaim.

Federal Rule of Civil Procedure 15(a)(2) provides that if a party fails to amend his pleading more than 21 days after serving the pleading, he may amend it with leave of the

-1-

court. The Rule also indicates that leave should be freely given "when justice requires." In other words, a court should allow parties to amend their pleadings in the absence of undue delay, bad faith, dilatory motive, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

CMWA's proposed Amended Answer and Counterclaim seeks relief through subrogation under the Kentucky Workers' Compensation Act, KRS 342.700, to recoup benefits paid to the Plaintiff. [Record No. 72-1, p. 1] In opposition to the motion, Konecranes initially argued that the proposed amendments would be futile. [Record No. 75] The company originally disputed CMWA's standing under the statute, suggesting that any workers' compensation benefits would have been paid by CMWA's insurance provider, Mitsui Sumitomo Insurance Company. However, in light of the $250,000.00 deductible paid directly by CMWA in workers' compensation benefits to the Plaintiff, Konecranes concedes that "CMWA would have been entitled to seek reimbursement." [Record No. 81-1] Thus, the proposed amendment would not be futile.

Nevertheless, Konecranes asserts that CMWA is barred from seeking any reimbursement because CMWA failed to assert its compulsory counterclaim in its original Answer. According to Konecranes, CMWA is now precluded from pursuing the claim under Federal Rule of Civil Procedure 13. This rule provides, in relevant part, that "[a] pleading must state as a counterclaim any claim that […] the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a).

Konecranes has filed a Third Party Complaint against CMWA. [Record No. 24] Neither party denies that CMWA's counterclaim arises out of the transaction or occurrence that is the subject matter of Konecranes' claim. Thus, CMWA's counterclaim is a

compulsory counterclaim that should have been raised in its Answer. Fed. R. Civ. P. 13(a). However, its failure to assert the claim at the proper time does not bar it from amending its Answer to include the counterclaim with the Court's permission. This Court has previously held that a compulsory counterclaim not raised in an answer cannot be raised in subsequent litigation but may be filed in the instant litigation with the Court's permission. *Dixie Fuel Co., LLC v. Straight Creek, LLC*, 2011 U.S. Dist. LEXIS 23321 at *6-7 (E.D. Ky. Mar. 8, 2011). Here, the Court concludes that CMWA did not waive the compulsory counterclaim when it failed to raise it in its Answer to Konecranes' claim. Instead, CMWA may request leave to amend, as it has done. Accordingly, it is hereby

**ORDERED** as follows:

1. Third Party Defendant CMWA's Motion for Leave to File Amended Answer and Counterclaim [Record No. 72] is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to file the Amended Answer and Counterclaim previously tendered by Third Party Defendant CMWA [Record No. 72-2].

This 22nd day of January, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge