UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GEORGE VINCENT VAUGHN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-136-DCR |
| ) | |
| V. ) | |
| ) | |
| KONECRANES, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| DEMAG CRANES AND COMPONENTS ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Third Party Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant Konecranes, Inc.'s motion to preclude Frederick G. Heath from testifying during trial in a manner consistent with the matters outlined in his expert reports. [Record no. 96] For the reasons discussed below, the defendant's motion will be granted.

**I.**

As discussed in prior orders, this action arises from a warehouse accident involving an industrial overhead crane. On May 8, 2012, while working at Central Motor Wheel of America, Inc. ("CMWA"), Plaintiff George Vincent Vaughn was injured when a crane pinned his foot. [Record No. 1-2, p. 21] Vaughn brought suit against Konecranes in the

Bourbon Circuit Court under various theories of negligence and product liability. Thereafter, the action was removed to this Court. [Record No. 1] The Court entered a Scheduling Order, assigning deadlines for discovery and dispositive motions and setting the case for trial to begin on August 18, 2015. [Record No. 12] Under that Scheduling Order, the parties were to complete discovery and supplement disclosures by February 2, 2015. [*Id.*]

The plaintiff hired Heath as a liability expert and expects him to testify regarding "why and how Mr. Vaughn was hurt," including offering opinions on Konecranes' alleged violation of a Crane Manufacturing Association of America Standard and the cause of the crane's malfunction. [Record No. 129-1, p. 4] On November 17, 2014, Heath issued his initial report. [Record No. 90-3] After the close of discovery, the plaintiff notified the Court of the necessity to supplement Heath's report based on newly-discovered information. [Record No. 91] The supplemental report was tendered on March 18, 2015. [Record No. 120-1] The defendant has raised objections to Heath's testimony based on Rule 702 of the Federal Rules of Evidence and the principles set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Konecranes attacks the reliability of Heath's initial report and argues that the supplemental report was untimely and should be excluded.

## II.

Any challenge to expert testimony must begin with Rule 702 of the Federal Rules of Evidence which was modified in December 2000 to reflect the Supreme Court's holdings in *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Based on the foregoing, for an expert's opinion to be admissible, it must satisfy three requirements. "First, the witness must be qualified by knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable." *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529-30 (6th Cir. 2006). When a party's expert witness is challenged, the Court assumes the role of a gatekeeper to determine whether the proposed testimony may be presented to the fact-finder. *Daubert,* 509 U.S. at 587.

The Court need not hold a *Daubert* hearing to determine the admissibility of expert testimony, but nonetheless must ensure that the disputed testimony is both relevant and reliable. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 249 (6th Cir. 2001); *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000). In the case at hand, the admissibility of the expert testimony under *Daubert* has been fully briefed by the parties. This Court finds that the record is sufficient to perform its role under *Daubert* and a hearing would not be helpful in exercising that duty.

### III.

**A.   March 2015 Report**

The defendant's motion to strike Heath as an expert is based largely on the initial report dated November 17, 2014.  [Record No. 90-3]  However, the plaintiff has supplemented Heath's initial report with another, dated March 20, 2015,[1] following the discovery of new information.  [Record No. 120-1]  Because Heath's March 2015 report was produced after the close of discovery and the deadline for expert testimony, Konecranes argues that it is untimely and testimony based on the report would be prejudicial.  [Record No. 124]  Conversely, the plaintiff maintains that this report should not be excluded because the defendant did not make its witnesses available for deposition at an earlier time.  [Record No. 129-1]

Rule 26(a)(2)(A) directs a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  These disclosures must be made "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Rule 26(a)(2)(B) requires a written report be disclosed that "contain[s] a complete statement of all opinions to be expressed and the basis and reason therefor."  Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(e) requires that a party who has made a disclosure under Rule 26(a) supplement that expert report in a timely manner if the party learns that a material part of the disclosure is

---

[1]   This date appears to be in error, as the plaintiff submitted the report on March 18, 2015.  [Record No. 120-1]

incomplete or incorrect and if the information has not been known to the other party during discovery. Fed. R. Civ. P. 26(e).

The circumstances of this case underscore the importance of adhering to the Court's Scheduling Order and proceeding with timely discovery. It appears that counsel for several parties contributed to discovery delays and postponed key witness depositions. [Record Nos. 133-2, 133-3] These parties will not now be permitted to gain strategic advantage from the delays and induce technical violations rather than proceed on the merits of the case. Apparently, the defendant was aware that Heath's initial report would be supplemented following the deposition of Konecranes' employees, but counsel scheduled these depositions for the final business day of discovery. [*Id.*] Under these circumstances, the Court will accept the plaintiff's otherwise untimely expert report because it does not appear to result from a dilatory motive and purportedly relies on information disclosed only at the end of discovery. [Record No. 133] The Court finds the plaintiff's explanation reasonable and substantially justified. *See* Fed. R. Civ. P. 37(c)(1)*; Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010). Accordingly, the Court will include Heath's March 2015 report in its *Daubert* determination.

**B.     Reliability Requirement for Expert Testimony**

In addition to requirements that a witness qualify as an expert and that the opinions he wishes to express be relevant, Rule 702 requires that the opinions be reliable. *In re Scrap Metal*, 527 F.3d at 529. District courts consider the basis of an expert's opinion by evaluating: (i) whether the theory or technique can be and has been tested; (ii) whether it has been subjected to peer review and publication; (iii) its known or potential error rate and the

existence and maintenance of standards controlling the technique's operation; (iv) whether it has attracted widespread acceptance in a particular field; and (v) whether the experts propose to testify about matters "growing naturally and directly out of the research they have conducted independent of the litigation" or have developed their opinions expressly for trial. *Smelser v. Norfolk Southern R. Co.*, 105 F.3d 299, 303 (6th Cir. 1997).

When assessing the reliability of opinions a witness seeks to provide as expert testimony, "the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 142. Generally, opinions meet the reliability threshold when an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field." *Jahn v. Equine Serv., PSC*, 233 F.3d 382, 388 (6th Cir. 2000) (citing *Kumho Tire*, 526 U.S. at 152).

In this case, Konecranes' major criticism of Heath's report – that it lacks any methodology at all – is well-taken. [Record No. 96-1] Without any identifiable method of reasoning, Heath's testimony is facially unreliable. *See Reynolds v. Freightliner LLC*, 2006 U.S. Dist. LEXIS 97244, at *27 (E.D. Ky. June 21, 2006). Heath fails to explain how, given the facts and data he relied upon, he reached the conclusions outlined in his report. His report simply concludes, *inter alia*: (i) "either the bridge drive relay in the receiver stuck or the bridge drive contactor fused"; (ii) "[it] is more likely than not that the cause of the incident at issue was a fused contactor"; (iii) "[it] is clear that a sticking relay in the radio control receiver did not initiate the unintended motion of the crane"; (iv) "Konecranes actions and inactions were the major contributing causes of the incident that resulted in the

injuries to Mr. Vaughn"; and (v) "[if] Konecranes had followed the guidelines set forth in CMAA [Specifications] it is more likely than not that the bridge drive contactor(s) would have been replaced prior to the incident, the incident would not have occurred, and [Vaughn] would not have been injured." [Record No. 120-1, pp. 12, 15-16]

In determining whether a particular methodology is reliable, this Court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *See Kumho Tire Co.*, 526 U.S. at 158. The party seeking to have the testimony admitted bears the burden of showing "that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology," and "the expert's bald assurance of validity is not enough." *Daubert* (on remand), 43 F.3d at 1316. Here, Heath's opinion is simply insufficient. Absent some process or testable principle, the Court is unable to determine whether Heath's conclusions are "the product of reliable principles and methods" or whether he "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. These are the threshold requirements for the admission of expert testimony.

Heath's report identifies certain documents that he reviewed in forming his opinions. [Record No. 120-1, pp. 1-2] However, it is unclear which documents were actually used by him in formulating his opinions, and explanation of how his experience informed his conclusions is completely absent. It is the absence that makes Heath's testimony patently unreliable. Without such an explanation, there is simply too great an analytical gap between the facts of the case and the opinion proffered to permit Heath's testimony to go to the jury.

Vaughn attempts to premise Heath's testimony on his extensive training and experience with "lifting heavy things." [Record No. 129-1, p. 3] The plaintiff argues that Heath's experience is sufficient to support his opinions in this case. It is well-established that an expert's experience may be the basis for reliable testimony. The Advisory Committee Notes to Rule 702 specifically contemplate such a situation:

> Nothing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training, or education – may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.

Fed. R. Evid. 702 advisory committee's note (2000). However, it is not sufficient for an expert merely to cite to his experience without further explanation. Rather, an expert must be able to articulate the connection between his experience and his conclusions in a particular case:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

*Id.*

Heath's report describes his credentials and experiences, which include membership in the American Society of Safety Engineers, the Automotive Life Institute, the Society of Automotive Engineers, the Scaffold and Access Industry Association, the Specialized Carriers and Riggers Association, Underwriter's Laboratories, and the Material Handling Industry of America. [Record No. 120-1, p. 3] In addition, Heath serves on the consensus body for Specifications for Cable-less Controls for Electric Overhead Traveling Cranes and

-8-

committees within the American Society of Mechanical Engineering for Overhead Hoists; Jacks, Industrial Rollers, Air Casters, and Hydraulic Gantries; and Below-the-Hook Lifting Devices. [*Id.*] In the past, Heath has served as chief executive officer of a lift manufacturing company and chief operating officer of a pressure vessel manufacturing company. Regardless, nothing in the record or the expert report describes how his experience led to his conclusions or explains how he reliably applied his experience to the facts of the case. Heath's report does not articulate a reliable connection between his experience and his conclusions in any way, much less to the extent described in the Advisory Committee Notes to Rule 702.

Moreover, contrary to the plaintiff's assertion that "Mr. Heath's opinions is [sic] based on published standards that were created to be representative of generally accepted industry custom and practice," [Record No. 129-1, p. 4] the reports do not discuss these standards. Apart from conclusorily stating that, "[there] is no evidence that Konecranes followed the specific instructions of CMAA Specification #78, Paragraph 4.4.4 and Table 4.4.2 that the Quarterly inspections of the CMWA cranes cover electrical components (including contactors and relays) for pitting or deterioration," [Record No. 120-1, p. 10] the reports do not articulate the proper inspection procedure or apply the industry-accepted specifications to the facts of the case. Although a qualified expert may testify regarding the customs and standards of an industry, Heath has not done so here. *See McGowan v. Cooper Industries, Inc.*, 863 F.2d 1266, 1272-73 (6th Cir. 1988). As a result, his testimony is not "the *product of* reliable principles and methods" and Heath has not "*reliably applied* the

principles and methods to the facts of the case," as required by Rule 702. [Record No. 120-1, p. 16]

### IV.

Heath's conclusions are unreliable because he has failed to explain his reasoning, verify his methods, or point to others who have done so. *See, e.g., Smelser*, 205 F.3d at 304. The reliability of Heath's opinions has not been established by a preponderance of evidence and his opinions do not meet the admissibility requirements of Rule 702. Accordingly, it is hereby

**ORDERED** that Defendant Konecranes' motion to preclude Frederick G. Heath from testifying as an expert witness during trial [Record No. 96] is **GRANTED**.

This 13th day of April, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge