UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GEORGE VINCENT VAUGHN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-136-DCR |
| ) | |
| V. ) | |
| ) | |
| KONECRANES, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| DEMAG CRANES AND COMPONENTS ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Third Party Defendants. ) | |

*** *** *** ***

This action is pending for consideration of the Defendant Konecranes, Inc.'s ("Konecranes) motion for summary judgment. [Record No. 90] Konecranes argues that there are no material issues of fact in dispute with respect to Plaintiff George Vincent Vaughn's remaining claims and that it is entitled to judgment as a matter of law. Having reviewed the materials filed in support of and in opposition to the motion, the Court agrees with Konecranes. No genuine issue of material fact exists regarding the plaintiff's product liability claim and the plaintiff has failed to establish the causation element of his negligence claim. As a result, the defendant is entitled to judgment as a matter of law.

**I.**

As discussed in prior orders, this action arises from an accident involving an industrial overhead crane. On May 8, 2012, while working at Central Motor Wheel of America, Inc. ("CMWA"), the plaintiff was injured when a crane, allegedly moving "independent of human control," pinned his foot. [Record No. 1-2, p. 21] On April 18, 2013, Vaughn filed suit in Bourbon Circuit Court against Konecranes, alleging, *inter alia*, negligent repair, failure to warn, and product liability for the manufacture, design, sale, and delivery of the crane. [Record No. 1-1] Thereafter, Konecranes filed Third-Party Complaints against Demag, Hetronic, and CMWA for apportionment, indemnification, and contribution. The action was removed to this Court based on diversity jurisdiction. [Record Nos. 1, 1-5, 24]

On October 2, 2014, the Court granted partial summary judgment to Konecranes on Vaughn's claims regarding the design, manufacture, sale, and delivery of the subject crane. [Record No. 59] As a result, the only remaining claims against Konecranes involve allegations of negligence and product liability for the Konecranes-brand components of the modified crane. [*Id.*] Following the close of discovery, Konecranes moved to preclude the plaintiff's expert liability witness, Frederick G. Heath, from testifying at trial. [Record No. 96] And after reviewing the parties' briefs and conducting a *Daubert* determination, the Court granted the motion to exclude Heath's testimony. [Record No. 137]

Konecranes current motion for summary judgment involves all of the remaining claims asserted against it. [Record No. 90] Also pending are motions *in limine* by the defendant [Record Nos. 96, 98, 99, 100, 101, 102, 103, 104] and the plaintiff [Record Nos.

107, 108], as well as a motion for summary judgment and motion *in limine* by third-party defendant CMWA. [Record Nos. 105, 106] The motions *in limine* will be addressed here only to the extent that they bear on the defendant's motion for summary judgment.

## II.

This action is pending in this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be applied. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). However, federal procedural law will govern, as applicable, including establishing the standard for summary judgment. *Weaver v. Caldwell Tanks, Inc.* 190 F. App'x 404, 408 (6th Cir. 2006). Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion

for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot rely upon the assertions in its pleadings; instead, it must pressent probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.

#### A. Products Liability Claim

On October 2, 2014, summary judgment was granted on the plaintiff's products liability claims against Konecranes, with the exception of claims regarding the Konecranes hoist and trolley components that had been installed on the Demag crane. [Record No. 59] Konecranes now seeks summary judgment on the remaining products liability claims. In Kentucky, product liability actions are governed by the Kentucky Product Liability Act ("KPLA"). *See* KRS § 411.300-.350. Kentucky law recognizes three theories of product liability: (i) defective design, (ii) defective manufacture, and (iii) failure to warn. *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 251 (Ky. 1995), *overruled on other grounds by Martin v. Ohio Cnty. Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009). To recover under any product liability claim, a plaintiff must prove the existence of a defect, *McCoy v. Gen. Motors Corp.*, 47 F. Supp. 2d 838, 839 (E.D. Ky. 1998), and legal causation. *Morales v. Am. Honda Motor Co., Inc.*, 71 F.3d 531, 537 (6th Cir. 1995) (citing *Huffman v. SS. Mary & Elizabeth Hosp.*, 475 S.W.2d 631, 633 (Ky. 1972)).

In the present case, the plaintiff concedes that no finding has been made "that any product manufactured by Konecranes was defective," and evidently does not intend to pursue such a claim at trial. [Record No. 126, p. 19] Accordingly, Konecranes will be granted summary judgment on this claim.

### B. Negligence Claims

The defendant also requests summary judgment on the plaintiff's negligence claim for failing to repair and maintain the crane and radio system at issue. [Record No. 90-1, p. 8] Under Kentucky law, a negligence cause of action has four elements: duty, breach, causation, and injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). Failure to establish any of these elements is fatal. *M & T Chems., Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). Ordinarily, the existence of a duty is a question of law for the court, while breach and injury are questions of fact for the jury. *Pathways, Inc.*, 113 S.W.3d at 89. Causation creates a question of law when "there is no dispute about the essential facts and but one conclusion may reasonably be draw from the evidence." *Id.* at 92 (quoting *McCoy v. Carter*, 323 S.W.2d 210, 215 (Ky. 1959)).

Vaughn contends that Konecranes failed to uphold its obligation to maintain the machine in a reasonably safe condition and that this failure caused his injuries. Although Konecranes concedes that it had a contractual duty "to properly conduct scheduled maintenance and perform necessary repairs to its 10 ton Demag crane," it maintains that there is no evidence that it ever breached this duty. [Record No. 90-1, p. 8] Additionally, Konecranes argues that Vaughn's negligence claim fails as a matter of law because the plaintiff has failed to establish the cause of the accident. [Record No. 90-1, p. 12]

The defendant first attacks the testimony of the plaintiff's expert witness, Frederick Heath. Vaughn relies on Heath's testimony to establish breach of duty and causation. However, as noted above, the Court has already determined that Heath may not testify as an expert at trial. [Record No. 137] As a result, the plaintiff may not rely on this his proposed testimony in opposing the pending motion for summary judgment. *See* Fed. R. Civ. P. 56(e).

In Kentucky, ordinary negligence can be established without expert testimony. *See Caniff v. CSX Transp., Inc.*, 438 S.W.3d 368, 375 (Ky. 2014). However, expert testimony is necessary to support the element of causation in a negligence action when the common knowledge or experience of lay persons cannot infer a causal connection between the alleged negligence and the injury. *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991); *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963). The plaintiff concedes the need for experts in his separate motion to exclude lay testimony regarding causation:

> There are numerous persons who are witnesses in this matter who have worked with overhead cranes for many years. Some of these persons have opinions concerning the cause of the injury in this matter. However even those with the most experience still do not have access to all the facts in this matter. For example, some employees of Defendant Konecranes have been told the crane moved laterally while the remote control was being passed from one operator to another when the evidence is that the remote was attached to the operators waste [*sic*] when it moved. Therefore, causation testimony needs to be limited to those who have reviewed the evidence and who are properly trained concerning crane construction, use and maintenance.
>
> FRE 702 Only permits testimony concerning scientific, technical, or other specialized knowledge from qualified witnesses. Witnesses in this matter who are to testify concerning causation should be limited to those qualified and identified pursuant to FRCP 26.

[Record No. 108, pp. 1-2] Vaughn has not produced any admissible expert testimony establishing causation. Accordingly, he cannot prove an essential element of his claim.

Unfortunately, the physical evidence from the accident that might have helped establish causation has disappeared. The plaintiff claims that specific components of the crane – contactors from the bridge – went missing from the defendant's control before Vaughn was able to have experts examine them. [Record No. 116, p. 1] Although the parties dispute the significance of the components and which party was last in control of them, it is undisputed that the contactors are now missing. The plaintiff claims that misplacement of the contactors entitles him to a missing evidence instruction at trial. [Record No. 133-1] This would allow the jury to infer that, "should we have the contactors, their condition would show why the unintentional movement occurred," establishing causation. [Record No. 116, p. 2] Therefore, he argues that Konecranes is not entitled to summary judgment.

Although there remains considerable mystery about what happened to the contactors, the destruction of evidence alone is not enough to allow a party who has produced no evidence—or utterly inadequate evidence – in support of a given claim to survive summary judgment on that claim. *See Whitt v. Stephens County*, 529 F.3d 278 (5th Cir. 2008); *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998); *Katt v. Titan Acquisitions, Inc.*, 244 F. Supp. 2d 841 (M.D. Tenn. Jan. 10, 2003). A spoliation presumption is no more than the "mere scintilla of evidence" that is insufficient to survive summary judgment. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Therefore, even if the Court applied an adverse inference for spoliation, Vaughn has not submitted sufficient evidence to meet his *prima facie* burden and defeat Konecranes' motion for summary judgment.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendant Konecranes' Motion for Summary Judgment [Record No. 90] is **GRANTED**. All of the plaintiff's remaining claims against Konecranes are **DISMISSED**, with prejudice.

2. The pending motions in *limine* related to these claims [Record Nos. 98, 99, 100, 101, 102, 103, 104, 107, 108] are **DENIED** as **MOOT**. The third-party motions [Record Nos. 105, 106] remain pending before the Court.

3. On or before April 24, 2015, the parties subject to the remaining motions, i.e., the third-party plaintiff and third-party defendants, are directed to address the viability of the remaining claims and motions [Record Nos. 105, 106].

This 15th day of April, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge