UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KONECRANES, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DEMAG CRANES AND COMPONENTS | ) | **MEMORANDUM OPINION** |
| CORP.; HETRONIC USA, INC.; and | ) | **AND ORDER** |
| CENTRAL MOTOR WHEEL OF | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

*** *** *** ***

This action is pending for consideration of Plaintiff George Vincent Vaughn's motion for reconsideration. [Record No. 142] On April 13, 2015, the Court excluded the testimony of the plaintiff's expert witness, Frederick Heath. [Record No. 137] Without Heath's testimony, the plaintiff lacked evidence of causation necessary to support his negligence claim, and the Court awarded summary judgment to Defendant Konecranes, Inc. ("Konecranes"). [Record No. 138] Vaughn now moves for reconsideration of those two decisions. For the reasons discussed below, the plaintiff's motion will be denied.

Motions to reconsider under Rule 60(b) give an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior

-1-

decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Under Rule 60, the Court may grant relief from a final judgment due to: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; and (6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and should only be granted upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

The plaintiff argues that he is entitled to reconsideration because "it appears the Court overlooked evidence submitted with the final report and because the Court has denied the Plaintiff's request for a hearing." [Record No. 142, p. 2] But the undersigned finds no reason to disturb the earlier ruling that the record was sufficient to perform the Court's role under *Daubert* without a hearing. The plaintiff was given every opportunity to produce a sound expert report. After the plaintiff filed Heath's initial expert report [Record No. 90-3], the Court allowed him additional time to supplement it beyond the original deadline [Record No. 120-1] and accepted Vaughn's supplemental briefing in response to the defendant's challenges to Heath's testimony. [Record Nos. 129, 133] Although the plaintiff now argues that these allowances were not enough to fully address the admissibility of Heath's testimony, Vaughn may not use his motion to reconsider as another chance to sway the Court. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Vaughn assumes that the Court did not consider "Mr. Heath's *c.v.* and the crane safety standard CMMA 4.4.4 which mandates frequent inspections for controller contactors." [Record No. 142, p. 3]  To the contrary, this Court previously reviewed these documents and found them unavailing.  Neither Heath's *curriculum vitae* nor the CMMA standard bridges the analytical gap in Heath's report.  Insofar as the plaintiff suggests that a review of these documents will "assuage the Court's concerns," [Record No. 142, p. 5] he misunderstands the prior ruling.  As explained in the April 13, 2015 Memorandum Opinion and Order, Heath's testimony was excluded because he failed to explain his reasoning, verify his methods, or point to others who had done so.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).

Contrary to the plaintiff's assertion that the "only issue for the court is did Mr. Heath use a proper method in his analysis of the likely causes," [Record No. 142, p. 8] the plaintiff bears the burden of showing that Heath's conclusions meet *all* the threshold requirements under Federal Rule of Evidence 702.  Among these requirements is that the expert "reliably *applied* the principles and methods to the facts of the case." Fed. R. Evid. 702.  In assessing the relevance and reliability of an expert opinion, the district court engages in a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Daubert*, 509 U.S. at 592-93.  Heath's March 2015 report states his qualifications and his conclusions and identifies certain documents that he reviewed. [Record No. 120]  However, Heath fails to explain *how*, given the facts and data he relied upon, he reached the conclusions outlined in his report.  A list of conclusions without

discernible reasoning does not meet the minimum threshold requirements for the admission of expert testimony. *See, i.e., Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 158 (1999) (In determining whether a particular methodology is reliable, the court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.")

Now, under the guise of a motion to reconsider, the plaintiff attempts to bolster his expert's report. However, he offers no viable basis for altering the Court's prior conclusion in this regard. Instead, he provides the same arguments and evidence previously considered and rejected. A motion for reconsideration is not the forum for a party to simply reargue its position in the hope that the Court will change its mind. *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002). Simply put, Heath's testimony is inadmissible under Federal Rule of Evidence 702.

Finally, as the Court explained in its April 15, 2015 Memorandum Opinion and Order, [Record No. 138] the plaintiff's claims against Konecranes required a causal connection between Konecranes' actions (or omissions) and Vaughn's injury. Here, the plaintiff offered no evidence establishing causation other than Heath's testimony, which the Court excluded, and a request for a missing evidence instruction, which is insufficient to survive summary judgment. Accordingly, it is hereby

**ORDERED** that Plaintiff George Vaughn's motion for reconsideration [Record No. 142] is **DENIED**.

This 26th day of May, 2015.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**