UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KONECRANES, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DEMAG CRANES AND COMPONENTS CORP.; HETRONIC USA, INC.; and CENTRAL MOTOR WHEEL OF AMERICA, INC., | ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Third Party Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In this personal injury action, Third-Party Plaintiff Konecranes, Inc. ("Konecranes") seeks indemnification from Third-Party Defendant Central Motor Wheel of America, Inc. ("CMWA"). The matter is pending for consideration of the CMWA's motion for summary judgment on Konecranes' indemnification claims. [Record No. 105] Konecranes opposes the motion, urging the Court to grant summary judgment in its favor instead. [Record No. 112] For the reasons discussed below, summary judgment will be granted in favor of CMWA on Konecranes' common law indemnity claims but in favor of Konecranes' on its contractual indemnity claims.

**I.**

This action arises from a warehouse accident involving an industrial overhead crane. On May 8, 2012, while working at CMWA, Plaintiff George Vincent Vaughn was injured when a crane, allegedly moving "independent of human control," pinned his foot. [Record No. 1-2, p. 21] Vaughn filed suit in Boubon Circuit Court in Kentucky against Konecranes on April 18, 2013. [Record No. 1-1] CMWA's involvement in this lawsuit arises by virtue of third-party indemnity, contribution, and apportionment claims subsequently filed by Konecranes. [Record No. 24] Because Vaughn's claims against Konecranes have been dismissed, [Record No. 138] only the third-party indemnification claims remain pending.

**II.**

This action is in federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). However, federal procedural law will govern as applicable, including establishing the standard for summary judgment. *Weaver v. Caldwell Tanks, Inc.* 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, the nonmoving party must present "significant probative evidence" of a genuine dispute to defeat a motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.**

Kentucky law distinguishes between contractual and common law indemnity claims. *Thompson v. The Budd Company*, 199 F.3d 799, 806 (6th Cir. 1999). Accordingly, Konecranes' claims will be addressed separately.

    **A.**    **Common Law Indemnity**

In support of its motion for summary judgment on Konecranes' common law indemnity claims, CMWA argues that it is self-insured for workers' compensation claims and that it has paid all of Vaughn's reasonable and necessary medical expenses related to the accident. [Record No. 105, p. 6] According to CMWA, Kentucky limits an employer's

liability to a third party indemnitee to the amount paid under the Worker's Compensation Act and Konecranes' claims are precluded on the basis of double recovery. *See* Ky. Rev. Stat. §§ 342.690, 342.700. However, the Court need not reach this issue because liability has not been imposed against Konecranes.

In addressing common law indemnity claims under Kentucky's common law, courts have repeatedly recognized liability as a prerequisite. *See, e.g., Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 253 (Ky. 1995) ("Indemnity is not an issue until fault has been determined. … There can be no indemnity without liability."); *Poole Truck Line, Inc. v. Commonwealth*, 892 S.W.2d 611, 614 (Ky. Ct. App. 1995) ("Both indemnity and contribution depend upon liability by one or both parties to the original claimant who suffered the original loss. Without such liability, there is no independent right to indemnity or contribution."). In general, then, a party cannot recover under a common law indemnity claim if it has not been held liable to a third party. Konecranes is not liable to Vaughn; [Record No. 138] thus, there is nothing for CMWA to indemnify, and Konecranes' common law indemnity claims fail.

To the extent that Konecranes' common law indemnity claims also involve claims for attorney fees, these fail as well. Generally, each party is responsible for its own attorney fees and expenses. *See Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136, 147 (Ky. 1991). While Kentucky courts have recognized an exception where equity indicates that attorney fees should be indemnified under common law, liability for the underlying claim is a prerequisite. *Chittum v. Abell*, 485 S.W.2d 231, 237 (Ky. Ct. App. 1972). Based on the foregoing, Konecranes is not entitled to common law indemnity.

B.     **Contractual Indemnity**

CMWA's motion for summary judgment also challenges the contractual bases for Konecranes' indemnity claims. For contractual indemnity under Kentucky law, it is not dispositive that Konecranes has not been held liable in the underlying claim. *United States Fidelity & Guar. Co. v. Napier Elec. & Constr. Co., Inc.*, 571 S.W.2d 644, 644 (Ky. Ct. App. 1978). Kentucky law provides that "the nature of an indemnitor's liability under an indemnity contract shall be determined by the provisions of the indemnity agreement itself." *See Napier*, 571 S.W.2d 644. Under *Napier*, parties may contractually provide for indemnification for, *inter alia,* the costs incident to potential legal liability as well as for the legal liability itself. Such a contract is "not against public policy and will be enforced if the indemnitee has suffered loss thereunder and has complied with its terms." *Id.* However, if there is doubt as to the meaning of an indemnity clause or doubt as to whether a contract provides for indemnity, courts should interpret the contract against a finding of indemnification. *Amerco Marketing Company of Memphis, Inc. v. Myers*, 494 F.2d 904, 913-14 (6th Cir. 1974).

Konecranes and CMWA agree that two documents represent their contractual agreement: Konecranes' offer accepted on October 24, 2011, for annual inspection and preventative maintenance ("October 2011 Offer") and Konecranes' offer accepted in April of 2012 for the sale and installation of a Konecranes hoist and trolley ("April 2012 Offer"). [Record Nos. 112-1; 112-2] In terms of the actual indemnity language, both the October 2011 Offer and April 2012 Offer contain the following provision:

> INDEMNIFICATION. KONECRANES SHALL NOT BE LIABLE FOR AND BUYER SHALL RELEASE, INDEMNIFY, AND HOLD KONECRANES … HARMLESS FROM ANY CLAIMS, DEMANDS, DAMAGES, REGARDLESS OF THEIR TYPE INCLUDING, BUT NOT LIMITED TO, DIRECT, CONSEQUENTIAL, INCIDENTAL, PUNITIVE OR SPECIAL, ACCOUNTS, GRIEVANCES, LOSSES AND EXPENSES, WHETHER KNOWN OR UNKNOWN, PRESENT OR FUTURE, ANY AND ALL LIABILITY, OR AND FROM ANY AND ALL MANNER OF ACTIONS, CAUSE[S] OF ACTIONS, ALL SUITS IN LAW, IN EQUITY, OR UNDER STATUTE, STATE OR FEDERAL, OF WHATEVER KIND OR NATURE, THIRD PARTY ACTIONS, INCLUDING SUITS FOR CONTRIBUTION AND/OR INDEMNTIY ON ACCOUNT OF OR IN ANY WAY ARISING OUT OF ACTS OR OMISSIONS OF THE BUYER, ITS AGENTS OR EMPLOYEES AND RELATING IN ANY WAY TO THE GOODS AND/OR SERVICES PROVIDED UNDER THE QUOTATION OR THE EQUIPMENT RELATED THERETO, INCLUDING, BUT NOT LIMITED TO BUYER'S USE, INSTALLATION, INCORPORATION OR SELECTION THEREOF AND CAUSES (FOR INSPECTION SERVICES): (I) OUTSIDE THE SCOPE OF THE INSPECTION AS IDENTIFIED IN PARAGRAPH 9.B HEREOF, (II) ANY CONDITION THAT OCCURS FOLLOWING THE CRANE'S USE AFTER AN INSPECTION AS IDENTIFIED IN PARAGRAPH 9.C HEREOF, (III) FAILURE OF BUYER TO REPAIR OR REPLACE ANY DEFECTIVE CRANE OR COMPONENT AS IDENTIFIED IN PARAGRAPH 9.D HEREOF OR ANY OTHER CAUSE IDENTIFIED HEREIN OR THAT MAY BE REASONABLY INFERRED HEREFROM EXCEPT TO THE EXTENT CAUSED BY THE SOLE NEGLIGENCE OF KONECRANES.

[Record Nos. 105-4, pp. 9-10; 105-5, pp. 6-7] This language is very broad. It requires indemnification not only for damages, but also for losses, expenses, and various other liabilities and obligations. Under the terms of the contract, CMWA can avoid its obligation to indemnify Konecranes only "to the extent caused by the sole negligence of Konecranes." [*See* Record No. 105-4, p. 10.]

CMWA argues that it is entitled to summary judgment because the indemnification provisions contain exculpatory language relieving Konecranes of liability for its own

negligence. In interpreting "sole negligence" indemnity provisions under Kentucky law, the United States Court of Appeals for the Sixth Circuit has previously reasoned that "an indemnitee may recover under the indemnity agreement as long as it was not 100% responsible for the plaintiff's injuries." *Thompson*, 199 F.3d at 811. Only where the costs are "clearly shown to have resulted solely and directly from [Konecranes'] gross negligence" can CMWA avoid liability under the contractual provision. *See id.*

The Court has already found that there is no genuine issue of material fact regarding Konecranes' negligence. [*See* Record No. 138] In fact, the *only* admissible evidence of causation is the testimony of Konecranes' expert witness, finding no indication that Vaughn's injury resulted from any act or omission by Konecranes. [Record No. 70-3] The indemnification provision is not applied in this instance to defend against Konecranes' sole negligence. *See Speedway Superamerica, LLC v. Erwin*, 250 S.W.3d 339, 344 (Ky. App. 2008). The terms of the exclusion, under their plain and ordinary meaning, do not encompass circumstances other than Konecranes' sole negligence and therefore do not absolve CMWA from its obligation to indemnify Konecranes in this matter.

CMWA further challenges the enforceability of the indemnity provision, arguing that "no evidence suggests that any party at CMWA examined or accepted the standard terms and conditions [of the contracts], including any agreement to indemnify Konecranes for its negligence, to take responsibility for any negligence on Konecranes' behalf." [Record No. 130, p. 7] Instead, CMWA argues that, because the indemnification provision is essentially "boilerplate language that Konecranes includes in all their Agreements," it should not be enforceable against CMWA. [*Id.*] However, given that the contracts at issue were

negotiated as part of arm's-length transactions between two business corporations with presumably equal bargaining power, there is no compelling reason to disturb their written contract. *See Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 646 (Ky. 2007) (where the parties were dealing at arm's length and upon an equal footing, enforcing the exculpatory clause was not against public policy). CMWA, a sophisticated entity, entered into a broad indemnification agreement with Konecranes – twice. If CMWA were not satisfied with the breadth of the indemnity provision, it could have negotiated different terms, as it evidently did with other portions of the contract. [Record No. 130, p. 3] Having failed to do so, CMWA cannot now be excused from the agreed terms.

## IV.

In summary, the indemnity provision at issue is enforceable and is not against Kentucky's public policy. There is no evidence that the "sole negligence" exemption applies under these facts. Therefore, as a matter of law, the parties' agreement obligates CMWA to indemnify Konecranes in this action. However, Konecranes' common law indemnity claim necessarily fails because liability has not been imposed against it. Accordingly, it is hereby

**ORDERED** as follows:

1. Third-party Defendant CMWA's Motion for Summary Judgment [Record No. 105] is **GRANTED**, in part, regarding Konecranes' common law indemnity claim, and **DENIED** regarding Konecranes' contractual indemnity claim.

     2.     Third-party Plaintiff Konecranes' motion for summary judgment [Record No. 112] is **GRANTED**, in part, regarding contractual indemnity, and **DENIED** as it relates to the common law indemnity claim.

This 29th day of May, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge