UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE VINCENT VAUGHN, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 14-136-DCR |
| V. | ) ) | |
| KONECRANES, INC., et al, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Third Party Plaintiff Konecranes, Inc.'s ("Konecranes") "Motion to Supplement Judgment." [Record No. 161] Konecranes asks the Court to enter a supplemental judgment that sets forth the exact amount of attorneys' fees and costs that it alleges it is entitled to receive from Third Party Defendant Central Motor Wheel of America, Inc. ("CMWA"). For the following reasons, Konecranes's motion will be denied.

**I.**

Plaintiff Vincent Vaughn filed this action against Konecranes in the Bourbon Circuit Court based on work-related injuries that he allegedly sustained as a result of Konecranes' defective product. Konecranes removed the matter to this Court on April 9, 2014, and filed third-party claims against other entities, including Vaughn's employer, CMWA. [Record No. 1] Konecranes asserted that it was entitled to indemnification against CMWA for any judgment entered against it on the plaintiff's claim. However, Konecranes' request for indemnification did not include a specific request for attorneys' fees incurred in connection

-1-

with the legal proceedings against the plaintiff. [Record No. 24] Instead, Konecranes sought to recover from CMWA its "costs herein expended, including attorneys' fees," referring to the third-party proceeding against CMWA, rather than indemnification for attorneys' fees in its action against the plaintiff. [*Id.*]

Konecranes argument that it is entitled to indemnification from CMWA is based on an indemnity clause in the parties' contract. This clause provides:

> INDEMNIFICATION. KONECRANES SHALL NOT BE LIABLE AND BUYER SHALL RELEASE, INDEMNIFY, AND HOLD KONECRANES . . . HARMLESS FROM ANY CLAIMS, DEMANDS, DAMAGES, REGARDLESS OF THEIR TYPE INCLUDING, BUT NOT LIMITED TO, DIRECT, CONSEQUENTIAL, INCIDENTAL, PUNITIVE, OR SPECIAL, ACCOUNTS, GRIEVANCES, LOSSES, AND EXPENSES, WHETHER KNOWN OR UNKNOWN, PRESENT OR FUTURE, ANY AND ALL LIABILITY, OR FROM ANY AND ALL MANNER OF ACTIONS . . . EXCEPT TO THE EXTENT CAUSED BY THE SOLE NEGLIGENCE OF KONECRANES.

[Record No. 105, Ex. 4, pp. 9-10]

On March 2, 2015, CMWA moved for summary judgment, arguing that it should not be liable for indemnification under common law or under the above-referenced contractual provision. [Record No. 105] CMWA made two arguments against indemnification regarding the contractual indemnification provision. First, it contended that the provision was unenforceable as applied in this case because the provision included an exception under which Konecranes was prohibited from seeking indemnification for its own negligence. Second, CMWA argued that the provision was unconscionable.

Konecranes responded to CMWA's motion and also moved for summary judgment. [Record No. 112] Konecranes argued that the indemnity provision was enforceable, as applied in this case, because it was not solely negligent in the underlying action as required under the

indemnification clause. It further contended that CMWA's unconscionability argument was unfounded.

On April 15, 2015, the Court entered summary judgment in Konecranes' favor. [Record No. 138] The undersigned concluded that the plaintiff had failed to produce any evidence of Konecranes negligence or demonstrate that its alleged negligence caused the plaintiff's injury. Thereafter, on May 29, 2015, the Court granted CMWA's motion for summary judgment, in part, and granted Konecrane's motion for summary judgment, in part. [Record No. 148] The Court found that, while common law indemnification was not appropriate, the contractual indemnification clause was enforceable.

Regarding contractual indemnification, the Court considered the two arguments outlined in the parties' motions: (i) the "sole negligence" exception and (ii) the unconscionability allegation. Ultimately, the undersigned determined that the provision in issue was generally enforceable. However, the "sole negligence" exception did not apply because Konecranes was not solely negligent. As a result, "the parties' agreement obligate[d] CMWA to indemnify Konecranes in this action." [*Id*.] Judgment was entered in favor of Konecranes on the plaintiff's claims and on its contractual indemnity claim against CMWA, but in favor of CMWA on Konecranes' common law indemnity claim. [Record No. 149] Both the plaintiff and CMWA appealed.

On March 1, 2016, the Sixth Circuit affirmed both decisions. [Record No. 161, Exs. 1, 2] Konecranes then filed this "Motion to Supplement Judgment" on July 14, 2016. [Record No. 161] In this motion, Konecranes asserts that it has repeatedly "requested that CMWA reimburse its attorneys' fees and costs associated with this litigation for the purpose of satisfying the judgment against it," but CMWA has declined to do provide reimbursement.

[*Id.*] Konecranes describes its motion as an attempt to collect under the judgment entered against CMWA. [*Id.*] Konecranes asserts that this Court awarded its attorneys' fees when it decided that CMWA was bound under the parties' contractual indemnification agreement and entered judgment to that effect. [*Id.*] However, as explained below, this Court's judgment does not entitle Konecranes to attorneys' fees under the contractual indemnification agreement.

## II.

Konecranes argues that a Rule 54(d) motion is not the appropriate vehicle to obtain the attorneys' fees that it seeks to recover. It claims that, because the award of attorneys' fees is controlled by the substantive law governing the action, Rule 54(d) is inapplicable. Konecranes is correct that the award of attorneys' fees is a core issue governed by the substantive law in its action against CMWA and that this determination renders a Rule 54(d) motion inappropriate. However, the import of the fact that the attorneys' fees was a core (rather than a collateral) issue in the proceedings is that Konecranes was required to prove that it was entitled to attorneys' fees during the proceedings before this Court in the CMWA action (and before the claim had been resolved by this Court's judgment). Because Konecranes failed to demonstrate that it was entitled to attorneys' fees during the requisite stage of the proceedings, the judgment previously entered does not entitle Konecranes to attorneys' fees. Moreover, Konecranes has missed all deadlines under the Federal Rules of Civil Procedure for seeking to alter the judgment. As a result, Konecranes is not presently entitled to attorneys' fees and may not utilize a different motion to retroactively alter the result.

Under Rule 54(d) of the Federal Rules of Civil Procedure, "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing

the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). This rule distinguishes legal fees that are sought as damages based on the substantive law of the claim before the trial court with legal fees that are "collateral to the merits and awarded only after" the adjudication of the relevant claims and entry of judgment. *See Clarke v. Mindis Metal, Inc.*, No. 95-5517, 1996 WL 616677, at *3 (Oct. 24, 1996). If attorneys' fees are collateral such that they are to be awarded after the claims have been resolved, then under Rule 54(d), the litigant must claim the fees by filing a motion pursuant to that Rule within 14 days following entry of judgment. Fed. R. Civ. P. 54(d)(2)(A); *see Clarke*, 1996 WL 616677 at *3.

Conversely, if attorneys' fees are to be awarded as an element of damages according to the substantive law governing the action, the fees must be sought and proved before the conclusion of the proceedings rather than after judgment has already been entered *via* a Rule 54(d) motion. Indeed, "Rule 54(d)(2) is not applicable to attorneys' fees recoverable as an element of damages". *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (citing Fed. R. Civ. P. 54 Advisory Committee's Note). As a result, when a party seeks an award of attorneys' fees as damages under the substantive law governing the action, "the correct procedure is to plead the attorney's fees at trial." *Dryvit Systems, Inc. v. Great Lake Exteriors, Inc.*, 96 Fed. Appx. 310, 311 (6th Cir. 2004); *see also Rissman v. Rissman*, 229 F.3d 586, 587-88 (7th Cir. 2000) (noting that, when attorneys' fees are awarded pursuant to the substantive law, the party "must raise its claim in time for submission to the trier of fact, which means before trial rather than after").

The issue regarding whether Konecranes is entitled to attorneys' fees under the indemnification provision is a substantive issue that must have been raised and proved when

Konecranes sought relief on the claims raised, not a collateral issue that arose after the claims had already been resolved. The sole issue between Konecranes and CMWA was the enforcement of the contractual indemnification provision and the relief that Konecranes was entitled to seek under that provision. Accordingly, the substantive law governing this action was the indemnification provision, and any issue regarding the relief that Konecranes could seek under this provision—including attorneys' fees—was an element of damages Konecranes was required to raise and prove during that proceeding.

In Kentucky, litigants generally are not entitled to attorneys' fees unless the court makes the specific determination that an award of these fees is appropriate. Kentucky follows the "American Rule," under which a party cannot recover attorneys' fees as damages unless there is "a specific contractual provision allowing for recovery fees or a fee-shifting statute . . . ." *Aetna Cas. & Sur. Co. v. Com.*, 179 S.W.3d 830, 842 (Ky. 2005) (citation omitted). Absent an express contractual provision, the court may award damages in its discretion, but is not required to do so. Accordingly, a determination that a general indemnification provision is enforceable would not operate as an award of attorneys' fees under Kentucky law.

In this case, attorneys' fees would have only been awarded if this Court had made a specific finding that they were appropriate. The contractual indemnification provision at issue does not specifically grant Konecranes indemnification for attorneys' fees. Instead, it is a general indemnification provision that provides relief for "grievances, losses, and expenses . . . ." [Record No. 105, Ex. 4, pp. 9-10] As a result, this provision alone is not sufficient to entitle Konecranes to attorneys' fees under Kentucky law. Instead, Konecranes would have only been entitled to these fees if it had raised the issue and demonstrated that an award of attorneys' fees was warranted in the case.

In summary, this Court's judgment in Konecranes' favor did not include an award of attorneys' fees because Konecranes failed to raise the issue and, as such, this Court did not find that an award was appropriate. In the Complaint, Konecranes requests attorneys' fees "herein expended" in the matter against CMWA, and asks to be indemnified "for the full amount of any judgment" entered in the plaintiff's case. However, it failed to request indemnification for attorneys' fees arising out of the plaintiff's case. [Record No. 24][1] Similarly, in its motion for summary judgment, Konecranes focused solely on the issue of whether the indemnification provision was enforceable. [Record No. 112] Konecranes nowhere demonstrated that the contractual provision entitled it to attorneys' fees, or even indicated that it was seeking attorneys' fees. Accordingly, Konecranes failed to satisfy its burden of demonstrating that it was entitled to attorneys' fees during the appropriate proceeding, as it was required to do under Rule 54(d) of the Federal Rules of Civil Procedure, and this Court's judgment does not entitle it to an award of these fees.

Moreover, Konecranes cannot now move this Court to alter the judgment to provide for attorneys' fees because all relevant deadlines have passed—a fact that Konecranes seems to implicitly acknowledge by its failure to cite any relevant authority under which it moves to "Supplement Judgment." For the reasons stated above, Rule 54(d) does not apply and Konecranes could not have used a motion under that Rule to obtain attorneys' fees, even if it filed this motion before the Rule's deadline of 14 days after judgment had not passed. Fed. R.

---

[1] To the extent that Konecranes seeks attorneys' fees for its expenses in its proceeding against CMWA, this is a collateral issue because it is not raised under the indemnification provision. Accordingly, this issue must have been raised in a Rule 54(d) provision. Because the deadline for Konecranes to proceed under this Rule has passed, Konecranes is no longer able to pursue these fees.

Civ. P. 54(d). Moreover, the time has passed for Konecranes to seek relief using the other post-judgment avenues for relief as provided by the Federal Rules of Civil Procedure. For example, under Rule 59, a motion to alter or amend the judgment must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Also, under Rule 60, a party seeking relief from a judgment for mistake or inadvertence—as would be appropriate here— must file that motion within "a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c). Inasmuch as the judgment was entered on May 29, 2015, all relevant deadlines have passed.

## III.

Konecranes did not demonstrate that it was entitled to attorneys' fees when it was required to do so. Further, Konecranes' request for attorneys' fees is not timely and this Court cannot now consider whether Konecranes is entitled to those fees. Accordingly, it is hereby

**ORDERED** that Konecranes' Motion to Supplement Judgment [Record No. 161] is **DENIED**.

This 19th day of September, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge